The order granting defendants' summary judgment is reversed.

639 A.2d 743

GEORGE M. DILTS AND JUDITH S. DILTS, PLAINTIFFS–RESPONDENTS, v. FRANKLIN TOWNSHIP PLANNING BOARD, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 22, 1994—Decided April 6, 1994.

Before Judges BROCHIN and KLEINER.

*Carter, Van Rensselaer and Caldwell,* attorneys for appellant (*William J. Caldwell,* on the brief).

Respondents did not file a brief.

PER CURIAM.

Defendant Franklin Township Planning Board appeals from a Law Division decision which reversed the Board's denial of plaintiffs' application for an agricultural subdivision. 272 *N.J.Super.* 253, 639 *A.*2d 752. On appeal defendant argues that the trial court improperly determined that the Hunterdon County Agricultural Development Board had the authority to grant subdivisions and that the court improperly found that Franklin Township Planning Board's action was *ultra vires.* We affirm substantially for the reasons delineated in Judge Herr's reported decision. 272 *N.J.Super.* 253, 639 *A.*2d 752 (Law Div.1993).

The relevant facts are set out in the trial court's opinion. *Id.* Plaintiffs sought to divide a portion of their farmland which was subject to deed restrictions under State and municipally-approved farmland preservation programs pursuant to the Agricultural Retention and Development Act, *N.J.S.A.* 4:1C–11 to –48, in order to merge and sell it with other farmland to a third party who proposed to operate a nursery on the land. After a public hearing, defendant denied plaintiffs' application on the basis of their failure to demonstrate the "agricultural viability" of the newly created parcel of land. *N.J.A.C.* 2:76–6.15(a)(15).

Appellate review of a municipal planning board's decision is limited to whether the action of the board was arbitrary, capricious, unreasonable, or *ultra vires. Burbridge v. Mine Hill Tp.,* 117 *N.J.* 376, 385, 568 *A.*2d 527 (1990); *Kramer v. Bd. of*

*Adjustment, Sea Girt,* 45 *N.J.* 268, 296, 212 *A.*2d 153 (1965). A planning board's decision on questions of law, however, are subject to de novo review. *Mayflower Sec. v. Bureau of Sec.,* 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973); *Grancagnola v. Planning Bd.,* 221 *N.J.Super.* 71, 75 n. 5, 533 *A.*2d 982 (App.Div.1987).

█ We agree with Judge Herr that the Franklin Township Planning Board's role in plaintiffs' application is limited to its authority as set out in the Municipal Land Use Law, *N.J.S.A.* 40:55D. Although municipalities have the power to grant subdivisions of local lands, *N.J.S.A.* 40:55D–25(a), the division sought by plaintiffs' here is not a subdivision within the statutory definition. *N.J.S.A.* 40:55D–7. Defendant's role in plaintiffs' application should have ended once it had determined that no new streets would be created by the division, that the division was for agricultural purposes, and that all resulting parcels would be five acres or larger in size. *Id.*

█ The Hunterdon County Agricultural Development Board and the State Agricultural Development Committee do not have the authority to grant subdivisions; however, here those agencies merely gave their approval as required by the deed of easement, the farmland preservation program agreement, and *N.J.A.C.* 2:76–6.15(a)(15). There is no statutory requirement for plaintiff to demonstrate to the municipal governing body the agricultural viability of the newly created parcel.

Affirmed.